Chief Justice IIoceiitpon
delivered the opinion of the court.
A-fieri facias in favor of Joseph Weisiger against Joseph Richardson, was levied, at the request of Richardson, on a tract of'land which he claimed, and for which he exhibited a deed as evidence of his title. Sixteen hundred acres were regularly sold by the sheriff to Alexander McClure, who was the highest bidder, and who thereupon executed a bond with surety for the price, $67. Weisiger did not direct the levy nor the sale.
On the motion of McClure and his surety, the circuit -court quashed the sale and the sale bond, and an execution which issued thereon.
The ground chiefly relied on for quashing the sale, (and the only one which we shall notice,) seems to have been an alleged defect of title in Richardson, to the land. This ground is insufficient for two reasons.
1st. There is no proof showing or tending to show, that Richardson had not a legal title to the land.
2d. If he had no title, that fact alone would not invalidate the sale, nor the sale bond, so as to justify a qnashal of them, or of either of them, on motion. Theuue to iheland cannot be urns incidentally tried; nor the right of the creditor thus irregulai^y delayed or em^arrassec^" did not guarrantee the title; and if he had done so, a failure of title would not have rendered the sale or the sale bond illegal or void.
Chapeze, for plaintiff.
Richardson has been credited with the amount of the bond. Moreover, there was no assurance of title given at the sale, otherwise than by exhibiting a deed which Richardson held for the land. If the ants in error have any claim to relief or redress, it cannot be enforced by motion to-quash the sale or the bond. These having been fair, regular and legal, cannot be set aside on motion.
We have not been able to perceive any sufficient reason for sustaining the judgment of the circuit court.
Wherefore, it is reversed, and the case remanded with instructions to dismiss the motion.